

**U.S. Department of Justice**

*United States Attorney*
*Western District of Pennsylvania*

---

*U.S. Post Office & Courthouse*
*700 Grant Street*
*Suite 4000*
*Pittsburgh, Pennsylvania 15219*                     *412/644-3500*

May 12, 2008

W. Thomas McGough, Jr., Esquire
Efrem M. Grail, Esquire
Reed Smith LLP
435 Sixth Avenue
Pittsburgh, PA 15219-1886

    Re:  United States v. Domenick A. Meffe, Sr.
         Criminal No. 07-302

    Re:  United States v. The Wellington Healthcare Group, LLC
         Criminal No. 08-unassigned *207*

Dear Messrs. McGough and Grail:

This letter sets forth the agreement by which your client, The Wellington Healthcare Group, LLC, will enter a plea of guilty in the above-captioned case. The letter represents the full and complete agreement between Domenick A. Meffe, Sr. and The Wellington Healthcare Group, LLC, and the United States Attorney for the Western District of Pennsylvania. The agreement does not apply to or bind any other federal, state, or local prosecuting authority.

Upon entering a plea of guilty, The Wellington Healthcare Group, LLC will be sentenced under the Sentencing Reform Act, 18 U.S.C. §3551, et seq. and 28 U.S.C. §991, et seq. The Sentencing Guidelines promulgated by the United States Sentencing Commission will be considered by the Court in imposing sentence. The facts relevant to sentencing shall be determined initially by the United States Probation Office and finally by the United States District Court by a preponderance of the evidence.

**LIMITED OFFICIAL USE**

5/27/08
Dam

Page 2

    A.    The defendants, Domenick A. Meffe, Sr., individually, and The Wellington Healthcare Group, LLC, agree to the following:

1. Domenick A. Meffe, Sr., as President of The Wellington Healthcare Group, LLC, and The Wellington Healthcare Group, LLC agree to the filing of the attached draft information. Domenick A. Meffe, Sr., as President of The Wellington Healthcare Group, LLC, and The Wellington Healthcare Group, LLC hereby waive and agree not to assert any double jeopardy, statute of limitations, or similar objections to the offense charged in the information. The Wellington Healthcare Group, LLC agrees that it will enter a plea of guilty to the attached one count information filed at Criminal No. 08 -   , charging it with violating Title 18, United States Code, Section 669, pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

2. The Wellington Healthcare Group, LLC agrees to pay restitution of $114,805.24 under the Victim-Witness Protection Act, 18 U.S.C. §§3663, 3663A and 3664, to the victims and/or other persons or parties authorized by law in such amounts, at such times, and according to such terms as the court shall direct. The Wellington Healthcare Group, LLC agrees that the $114,805.24 in restitution will be paid into the court's account by date of sentencing.

3. At the time The Wellington Healthcare Group, LLC enters its plea of guilty, it will deposit a special assessment of $400.00 in the form of cash, or check or money order payable to "Clerk, U.S. District Court". In the event that sentence is not ultimately imposed, the special assessment deposit will be returned.

4. The Wellington Healthcare Group, LLC waives any former jeopardy or double jeopardy claims it may have in or as a result of any related civil or administrative actions.

5. The Wellington Healthcare Group, LLC waives the right to take a direct appeal from its conviction or sentence under 28 U.S.C. §1291 or 18 U.S.C. §3742, subject to the following exceptions:

5/27/08
DAM

    (a) If the United States appeals from the sentence, The Wellington Healthcare Group, LLC may take a direct appeal from the sentence.

    (b) If (1) the sentence exceeds the applicable statutory limits set forth in the United States Code, or (2) the sentence unreasonably exceeds the guideline range determined by the Court under the Sentencing Guidelines, The Wellington Healthcare Group, LLC may take a direct appeal from the sentence.

  The Wellington Healthcare Group, LLC further waives the right to file a motion to vacate sentence, under 28 U.S.C. § 2255, attacking its conviction or sentence, and the right to file any other collateral proceeding attacking its conviction or sentence.

  6. Domenick A. Meffe, Sr., agrees to file any motions for continuance of the trial and case at 07-302 that are necessary to exclude from the speedy trial clock in that case the time which will elapse until imposition of sentence on the plea of guilty of The Wellington Healthcare Group, LLC in accordance with the terms of this plea letter.

 B. In consideration of and entirely contingent upon the provisions of Parts A and C of this agreement, the United States Attorney for the Western District of Pennsylvania agrees to the following:

  1. After the imposition of sentence, the United States Attorney will move to dismiss the Indictment at Criminal No. 07-302 against Domenick A. Meffe, Sr. individually, without prejudice to its reinstatement if, at any time, The Wellington Healthcare Group, LLC is permitted to withdraw its plea of guilty. In that event, Domenick A. Meffe, Sr. waives any double jeopardy, statute of limitations, speedy trial, or similar objections to the reinstatement of the Indictment dismissed pursuant to this agreement.

  2. The United States Attorney retains the right of allocution at the time of sentencing to advise the

5/27/08
DAM
PX

    sentencing Court of the full nature and extent of the involvement of The Wellington Healthcare Group, LLC in the offense charged in the Information and of any other matters relevant to the imposition of a fair and just sentence.

  3. The United States Attorney will take any position she deems appropriate in the course of any appeals from the sentence or in response to any post-sentence motions.

C. The Wellington Healthcare Group, LLC and the United States Attorney further understand and agree to the following:

  1. The penalty that may be imposed upon The Wellington Healthcare Group, LLC is:

   (a) A fine of $500,000.00;

   (b) A term of probation of five (5) years;

   (c) A special assessment under 18 U.S.C. § 3013 of $400.00;

   (d) Mandatory restitution in the amount of $114,805.24 under the Victim-Witness Protection Act, 18 U.S.C. §§ 3663, 3663A and 3664.

  2. The Court shall determine the victims and/or other persons or parties who will receive restitution as authorized by law.

  3. The parties stipulate that the total loss in this case for purposes of sentencing under the Sentencing Guidelines is $114,805.24. The parties agree that, under §8C2.1 of the Sentencing Guidelines, the base offense level is 6 under §2B1.1. The parties further agree that the base offense level of 6 should be raised by 8 levels under 2B1.1 (b)(1)(E) of the 2003 Guidelines, resulting in an adjusted offense level of 14. The parties further agree that the culpability score is 5 under §8C2.5 (b)(5) and (g)(3) of the Guidelines. Thus, the parties agree that The Wellington Healthcare Group, LLC's overall fine range under §8C2.6 is $85,000.00 - $170,000.00, if The Wellington Healthcare Group, LLC has assets to pay

5/27/08
DAM

    the minimum fine without endangering payment of restitution in accordance with §8C2.2 (b) or §8C3.3. This stipulation represents the parties' best understanding on the basis of the information available as of the date of this agreement. The stipulation is not binding on the Court and does not preclude the parties from bringing to the attention of the United States Probation Office or the Court any information not within their knowledge at the time this agreement is executed.

4. The parties agree that the willful failure to pay any fine imposed by the Court may be treated as a breach of this plea agreement. The Wellington Healthcare Group, LLC acknowledges that the willful failure to pay any fine may subject it to additional criminal and civil penalties under 18 U.S.C. §3611 et seq.

5. This agreement does not preclude the government from pursuing any civil or administrative remedies against The Wellington Healthcare Group, LLC or its property.

6. The parties agree that, although charges are to be dismissed pursuant to this agreement, Domenick A. Meffe, Sr., individually, is not a prevailing party for the purpose of seeking attorney fees or other litigation expenses under Pub. L. No. 105-119, §617 (Nov. 26, 1997) (known as the Hyde Amendment). Domenick A. Meffe, Sr. waives any right to recover attorney fees or other litigation expenses under the Hyde Amendment.

This letter sets forth the full and complete terms and conditions of the agreement between Domenick A. Meffe, Sr., individually, and as President of The Wellington Healthcare Group, LLC, The Wellington Healthcare Group, LLC, and the United States Attorney for the Western District of Pennsylvania, and there are no other agreements, promises, terms or conditions, express or implied.

Very truly yours,

*[signature]*

MARY BETH BUCHANAN
United States Attorney

5/27/08
DAM

I have received this letter on behalf of the defendant, The Wellington Healthcare Group, LLC  As a duly authorized officer of The Wellington Healthcare Group, LLC, pursuant to the corporate resolution, attached hereto and incorporated herein, I have been authorized and directed to appear on behalf of The Wellington Healthcare Group, LLC as its designated authorized representative to formally enter a plea of guilty to the Information at Criminal Number 08-   .   I have received this letter from W. Thomas McGough, Jr., Esquire and Efrem M. Grail, Esquire have read it and discussed it with them, discussed it with the officers and directors of The Wellington Healthcare Group, LLC and I hereby accept it on behalf of The Wellington Healthcare Group, LLC and acknowledge that it fully sets forth the agreement between The Wellington Healthcare Group, LLC and the Office of the United States Attorney for the Western District of Pennsylvania.  I affirm that there have been no additional promises or representations made to The Wellington Healthcare Group, LLC by any agents or officials of the United States in connection with this matter.

*[signature: The Wellington Healthcare Group LLC]*
The Wellington Healthcare Group, LLC

By: *[signature: Domenick A Meffe SR]*
Domenick A. Meffe, Sr.
Title: President
The Wellington Healthcare Group, LLC

*[handwritten: May 27, 2008]*
Date

*[signature: Domenick A Meffe SR]*
Domenick A. Meffe, Sr.
In His Individual Capacity

*[handwritten: May 27, 2008]*
Date

Witnessed by:

_____
W. Thomas McGough, Jr., ESQUIRE
Counsel for The Wellington Healthcare Group, LLC
and for Domenick A. Meffe, Sr.

*[signature: Efrem M. Grail  5/27/08]*
Efrem M. Grail, Esquire
Counsel for The Wellington Healthcare Group, LLC
and for Domenick A. Meffe, Sr.